**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SEIU, UNITED HEALTHCARE
WORKERS-WEST,

    Petitioner - Appellant,

 v.

CENTINELA HOSPITAL MEDICAL
CENTER,

    Respondent - Appellee.

No. 11-56080

D.C. No. 2:10-cv-08058-GHK-JCG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted April 8, 2013
Pasadena, California

Before: REINHARDT and MURGUIA, Circuit Judges, and MOLLOY, District Judge.[**]

 SEIU, United Healthcare Workers-West ("the Union") appeals the district

court's dismissal of its petition to compel arbitration. We affirm.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**] The Honorable Donald W. Molloy, District Judge for the United States District Court for the District of Montana, sitting by designation.

In 2003, the Union entered into a collective bargaining agreement ("the 2003 CBA") with the Defendant's ("the Hospital") predecessor-in-interest. The 2003 CBA included an interest arbitration clause, which the Hospital invoked during negotiations for the successor CBA. Under the terms of the interest arbitration clause, the interest arbitrator's sole duty was to select between the Union's and the Hospital's proposed wording of any disputed clauses and to order that the chosen language be included in the successor CBA. This method of determining the clause to be selected is known as "baseball-style" arbitration. The interest arbitrator discharged his duty, selecting between the Union's and the Hospital's proposed terms for nine disputed provisions of the successor CBA, including Article 13, which governed wages to be paid to members of the bargaining unit. He had no authority to revise, amend, or interpret the clauses he chose. The interest arbitrator decided, however, to reserve jurisdiction over the "interpretation or application" of *his award*.

The Union's petition to compel arbitration of its wage-rate grievance is premised upon the arbitrator's having retained jurisdiction over *his award*. When the arbitration agreement invoked by the party seeking arbitration is unambiguous in its failure to provide for arbitration of a particular dispute or class of disputes, we cannot compel arbitration. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*,

2

130 S. Ct. 2847, 2858-59 (2010). The interest arbitration clause in the 2003 CBA is not ambiguous and cannot be interpreted as having authorizing the interest arbitrator to engage in a grievance arbitration concerning the meaning or construction of the contractual clauses that he selected. *See Phoenix Newspapers, Inc. v. Phoenix Mailers Union Local 752*, 989 F.2d 1077, 1082 (9th Cir. 1993) (explaining that interest arbitration and grievance arbitration are distinct types of arbitration and that arbitrators have different duties in each type of arbitration). Rather, the interest arbitrator retained jurisdiction only to interpret or clarify *his award*, which did nothing more than choose between the terms proposed by the parties and order that the ones he chose be included in the successor CBA. The successor CBA, in turn, included a separate provision (Article 9) providing the means for the parties to arbitrate grievances about the meaning of the terms included in that CBA.[1]

Because the parties did not confer jurisdiction on the interest arbitrator to resolve grievances under the successor CBA or to determine the meaning of the clauses that were selected by him, the interest arbitrator could not confer such

---

[1] The Union did not invoke Article 9 of the successor CBA when it sought arbitration regarding the meaning or application of Article 13 of that Agreement. Therefore, we do not consider whether the parties would be required to arbitrate any dispute as to the applicability of Article 9 had the Union sought arbitration pursuant to that Article.

3

jurisdiction on himself. *See Hughes Aircraft Co. v. Elec. & Space Technicians, Local 1553*, 822 F.2d 823, 827 (9th Cir. 1987). Moreover, the scope of the interest arbitrator's retention of jurisdiction is not ambiguous: he retained jurisdiction solely to clarify or interpret his own actions regarding the interest arbitration award, not to arbitrate any subsequent grievances that might arise under the successor CBA. Our conclusion is underscored by the fact that the interest arbitrator would have been well aware that Article 9 of the successor CBA provided the procedure for arbitrating grievances concerning the meaning or interpretation of that CBA. Because the Hospital did not agree to submit disputes arising under the successor CBA to the interest arbitrator, we cannot compel it to submit such grievance disputes to him.

**AFFIRMED.**